UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN VAN FOSSEN, | ) | CIV-F 05-1167 AWI LJO |
| Plaintiff, | ) | ORDER RE: MOTIONS TO DISMISS |
| v. | ) | |
| SIERRA SANDS UNIFIED SCHOOL DISTRICT, CITY OF RIDGECREST, DOES 1-10, | ) | (Docs. 16 and 19) |
| Defendant, | ) | |

Defendant Sierra Sands Unified School District has filed (1) a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1); (2) a motion to dismiss on the ground of collateral estoppel under Fed. R. Civ. Proc. 12(b)(6); and (3) a motion for abstention under the doctrine laid out in <u>Younger v. Harris</u>. Doc. 19. Plaintiff John Van Fossen has filed an opposition in which he opposed dismissal but did not oppose the application of abstention so long as it resulted in a stay rather than dismissal of the case. Doc. 25. In reply, Defendant reiterates a preference for a dismissal rather than a stay. Doc. 26. The case was taken under submission. Doc. 27.

**I. History**

Plaintiff John Van Fossen ("Van Fossen") was employed as a school psychologist in the Sierra Sands Unified School District ("Sierra Sands") starting in August 12, 2002. In May 2003,

1

Van Fossen was diagnosed as having bipolar disorder and began treatment. At an unspecified time, Van Fossen was involved in an auto accident which resulted in the loss of his middle finger which rendered him unable to type. Van Fossen alleges that Sierra Sands required him to submit typed reports as part of his job and provided inadequate accommodation for his condition. On February 12, 2004, Van Fossen brought a non-functional Japanese World War II era pistol to his office at school for the purpose of consulting with a gunsmith on the phone who was unavailable at other times. Sierra Sands learned of the pistol and had him escorted off school grounds by a Ridgecrest police officer. Sierra Sands then suspended Van Fossen's employment for an unspecified amount of time. The complaint does not specify if he ever returned to work. Sierra Sands issued a recommendation that Van Fossen's employment not be renewed. Van Fossen engaged a lawyer and notified Sierra Sands of an intention to sue for discrimination. On March 4, 2004, the Sierra Sands Board of Governors met and formally voted not to renew Van Fossen's contract. On March 24, 2004, Van Fossen filed a request for Sierra Sands to accommodate his disabilities. On April 20, 2004, Van Fossen was formally arrested by Ridgecrest police officers for violating California Penal Code § 626.9 (the Gun Free School Zone Act). On July 23, 2004, criminal charges against Van Fossen were dismissed with prejudice.

On November 16, 2004, Van Fossen filed suit in state court against Sierra Sands in state court for (1) age discrimination, (2) disability discrimination, (3) retaliation, and (4) breach of contract. The case is in front of Kern County Superior Court Judge Jon Stuebbe, case number S-1500-CV-253244-JES. Sierra Sands has provided a partial procedural history; it appears that the state court proceedings have had a complex history. Van Fossen has amended his state court complaint three times. In the course of the amendments, Van Fossen has raised a false arrest claim under 42 U.S.C. § 1983. By order of August 10, 2005, Judge Stuebbe dismissed Van Fossen's claim regarding false arrest as untimely. Doc. 19, Part 3.

On July 15, 2005, Van Fossen filed suit in the Central District of California against both Sierra Sands and the City of Ridgecrest. The case was transferred to the Eastern District on September 14, 2005. The complaint raised two claims under 42 U.S.C. § 1983: malicious prosecution and false arrest. In this case, Van Fossen seeks monetary damages in the amount of

$500,000, attorneys fees, and costs of suit. Doc. 1, at 8:8-9.

Defendant City of Ridgecrest filed a separate motion to dismiss on October 28, 2005. Doc. 16.  Plaintiff filed an opposition and the City of Ridgecrest has filed a reply. Docs. 22 and 23.  On December 5, 2005, that matter was taken under submission. Doc. 24.

The present motion was filed by Defendant Sierra Sands on November 14, 2005. Doc. 19. Sierra Sands seeks to have the claims against it dismissed for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and under the doctrine of abstention as the claims are pending in a state proceeding.  On December 2, 2005, Plaintiff filed a response opposing dismissal without leave to amend but not opposing a stay pending resolution of the state case. Doc. 25.  On December 9, 2005, Sierra Sands filed a reply reiterating its request for dismissal in this action. Doc. 26.  The matter was taken under submission on December 14, 2005. Doc. 27.

## II. Legal Standards

**A. Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  The

pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting federal jurisdiction.  See Watson v. Chessman, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also Tosco Corp., 236 F.3d at 499; Century Southwest Cable Television, Inc. v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994).

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See Wolf, 392 F.3d at 362; Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Devries v. IRS, 359 F.Supp.2d 988, 991 (E.D. Cal. 2005).  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2.  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

**B. Younger Abstention**

The purpose of Younger abstention is to avoid the "exercise of jurisdiction when doing so would interfere with state judicial proceedings." Canatella v. California, 304 F.3d 843, 850 (9th Cir. 2002). Younger abstention applies when (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional issues in the state proceedings. Green v. City of Tucson, 255 F.3d 1086, 1096 (9th Cir. 2001).

## III. Discussion

### A. Subject Matter Jurisdiction

Van Fossen's claims arise under 28 U.S.C. § 1983. Sierra Sands asserts that the claims do "not present a substantial question of federal law." Doc. 19, Brief, at 5:5-6. Sierra Sands has made a facial challenge to subject matter jurisdiction; it has not factually disputed Van Fossen's allegations with affidavits and the like. Therefore, all material allegations contained in the complaint are assumed true and the motion must be denied unless "the allegations of the complaint are frivolous." Black v. Payne, 591 F.2d 83, 86 n.1 (9th Cir. 1979). Van Fossen alleges that "Defendants refused to renew plaintiff's contract, had the plaintiff arrested, prohibited their employees from giving the plaintiff positive references and gave false, misleading, and/or incomplete information, because plaintiff protested the disability based discrimination against him and hired a lawyer to represent him." Doc. 11, Part 1, Complaint, at 7:3-7. He then stated that "his right to have access to the courts for the peaceful redress of his grievances against them, his right to protest unlawful discrimination based on disability against him, and invaded plaintiff's right to receive medical treatment for his mental illness by retaliating against him because he was receiving said treatment" have been violated. Doc. 11, Part 1, Complaint, at 7:9-14. Sierra Sands points out that "plaintiff's right to access the Court has not been denied or impinged by the School District's alleged actions. Plaintiff has filed a Complaint in state Court, as well as the instant action in federal Court....Further, plaintiff does not allege any facts showing a nexus between defendant's conduct in February, 2004, calling police upon the discovery of a gun in plaintiff's desk and his right to access the Courts as defendant's conduct occurred before plaintiff's subsequent filing of civil actions to redress his grievances." Doc, 19, Brief, at 5:11-18. Van Fossen does say that "defendants conspired to arrest the plaintiff and incarcerate him as a means of retaliating against him because he asserted his rights under various state and federal laws not to be discriminated against because of his disabilities." Doc. 11, Part 1, Complaint, at 5:20-23. The conspiracy allegation is relatively clear.

While Sierra Sands may be correct that some of Van Fossen's legal theories and factual

5

allegations seem mismatched, evaluation for subject matter jurisdiction is not limited to the legal theories actually forwarded in a complaint.

> Failure to allege specifically the statute conferring jurisdiction is not always fatal to an action if the facts showing jurisdiction appears in the complaint. We are also aware of the general principle that "The federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."

Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980), citing Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 607-08 n.6 (1978) and quoting C. Wright & A. Miller, Federal Practice & Procedure § 1219 at 145 (1969). While the complaint may be vulnerable to a motion based on Federal Rules of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, this motion based on Federal Rules of Civil Procedure 12(b)(1) must be denied. At minimum, Van Fossen's allegations state a claim for retaliation in violation of Title VII (42 U.S.C. § 2000e et seq) or the Americans with Disabilities Act (42 U.S.C. § 12101 et seq).

**B. Younger Abstention**

Sierra Sands argues that this court must abstain in this case due to pending state proceedings in John Van Fossen v. Sierra Sand Unified School District (S-15000-CV-254244 JES). Van Fossen does not oppose abstention, but seeks a stay rather than dismissal since he is seeking damages in addition to injunctive relief.

"[A]bstention is appropriate in favor of a state proceeding if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." Fresh International Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1357-1358 (9th Cir. 1986), citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). While the Younger abstention doctrine was originally formulated to apply in situations where there were pending state criminal prosecutions, the courts "have applied the Younger principle to civil proceedings in which important state interests are involved." Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986).

The state court case was filed November 16, 2004, predating the initiation of the federal suit. The parties represent to the court that the state suit is ongoing.

While the state case is one which was brought by Van Fossen for disability and age discrimination; defamation; intentional interference with contractual advantage; malicious prosecution; and deprivation of constitutional rights, the core of the case involves the employment policies of Sierra Sands. See Doc. 19, Ex. 4, Third Amended State Court Complaint. "[T]he importance of the state interest may be manifest by the fact that noncriminal proceedings bear a close relationship to proceedings that are criminal in nature, or where the proceedings are necessary for the vindication of important state policies or for the functioning of the state judicial system." Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004). Here, the state suit is not criminal in nature, but the issues do intimately impact the operation of public schools and their employment policies. "Under California law, the education of the citizenry is an exclusive state function that cannot be delegated. The public schools of the state are a matter of statewide concern, their establishment, regulation and operation are governed by the state Constitution and the state legislature is given comprehensive powers in relation thereto. Education has been characterized by several courts as 'plainly a state function,' and school districts have been perceived as merely agencies of the state for the local operation of the state school system." Stones v. Los Angeles Community College Dist., 572 F. Supp. 1072, 1077 (C.D. Cal. 1983), citations omitted.

The federal suit is largely a duplicate of the state suit. All issues raised in this court can (and may already have been) raised in the state court. Indeed, the operative complaint in state court includes a Section 1983 malicious prosecution claim. Doc. 19, Ex. 4, Third Amended State Court Complaint, at 14:17-15:16. Van Fossen has a full opportunity to litigate the federal questions in state court.

As to stay versus dismissal, Van Fossen cites Ninth Circuit precedent to say that stay rather than dismissal is appropriate when abstention applies and a Section 1983 case involves damages. Doc. 25, Opposition, at 3:14-17. However, the case cited to deals with the pleading requirements for municipal liability under Section 1983; there is no mention abstention or

Younger. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002). Gilbertson does say that "Younger principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings. However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004). As Van Fossen seeks damages in this case, the proper course would be to stay the case pending final resolution of the state suit.

### IV. Conclusion

Defendant Sierra Sands motion to dismiss for lack of subject matter jurisdiction is DENIED. The court expresses no opinion regarding the application of collateral estoppel. This case is STAYED pending further order of the court. Plaintiff John Van Fossen is directed to file a notice with the court when John Van Fossen v. Sierra Sands Unified School District, S-1500-CV-254244 JES has resulted in a full and final judgment.

Defendant City of Ridgecrest's motion to dismiss is DENIED WITHOUT PREJUDICE. Defendant City of Ridgecrest may refile the motion after the stay is lifted.

IT IS SO ORDERED.

Dated:     March 21, 2006                         /s/ Anthony W. Ishii
0m8i78                                      UNITED STATES DISTRICT JUDGE