UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN VAN FOSSEN, | ) | CIV-F 05-1167 AWI LJO |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE FOR LACK |
| | ) | OF PROSECUTION |
| v. | ) | |
| | ) | |
| SIERRA SANDS UNIFIED SCHOOL DISTRICT, CITY OF RIDGECREST, DOES 1-10, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

    This case was stayed in March 2006 pending resolution of a related case in Kings County Superior Court, John Van Fossen v. Sierra Sands Unified School District, S-1500-CV-253244. The order granting the stay directed Plaintiff to file a notice with this court when the state case reached a full and final resolution. Doc. 30, Order, at 8:11-15.  The parties appeared to have reached a provisional settlement and the state case was dismissed in August 2006. Doc. 31, Exs. A and B.  Plaintiff did not file the required notice with this court.  Instead, Defendant City of Ridgecrest informed the court of the new developments and made a motion to lift the stay; the motion was granted.

    Plaintiff's counsel, Susan Salisbury, informed the court that she had not been able to make contact with her client after repeated attempts to do so in the fall of 2006. Doc. 32, Salisbury Declaration.  Plaintiff had moved to Colorado in September 2005.  Ms. Salisbury stated that Plaintiff's Colorado phone had been disconnected; her inquiries at his place of employment

1

revealed that he was no longer working there. Doc. 26, Motion, at 3:18-22.  Ms. Salisbury made a motion to be relieved as counsel, arguing that the client, "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Rules of Professional Conduct of the California Bar 3-700(b)(1)(d).  A hearing on the motion was held on March 13, 2007 at 1:30 PM.  Plaintiff neither appeared at the hearing nor filed any response to the motion.  The motion to be relieved as counsel was granted and Ms. Salisbury provided the court with all the contact information for Plaintiff she had in her possession. Doc. 41.  Thereafter, the court scheduled a hearing on October 1, 2007 at 1:30 PM to consider dismissal for lack of prosecution. Doc. 42.  Plaintiff neither appeared at the hearing nor filed a response.

In general "justice is better served when controversies are decided on their merits rather than procedural technicalities." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986), quoting In re Bienert, 48 B.R. 326, 327 (N.D. Iowa 1985).  While options should be considered, in "'egregious circumstances' a court may dismiss a case for non-compliance with procedural rules without explicit consideration of alternative sanctions." In re Donovan, 871 F.2d 807, 808-9 (9th Cir. 1989), quoting Malone v. United States Postal Service, 833 F.2d 128, 132 (9th Cir. 1987).  Here, the case can not proceed without the participation of the Plaintiff.  "The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), citations omitted.

Given these circumstances, this case is DISMISSED.

IT IS SO ORDERED.

**Dated:    October 1, 2007**               /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE